UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID G. HOTCHKISS, an unmarried man,<br><br>    Plaintiff,<br><br>vs.<br><br>CSK AUTO, INC.; CECIL LEWIS, a married man; DON REALING, an unmarried man; TROY HUFFMAN, a married man,<br><br>    Defendants. | No. CV-12-00105-TOR<br><br>ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION |

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Parties' Joint Motion for Entry of a Protective Order Regarding Confidential Information is GRANTED.

Accordingly, IT IS HEREBY ORDERED as follows:

Pursuant to FRCP 26(c), the parties through their respective counsel agree and stipulate that good cause exists to protect the plaintiff David G. Hotchkiss ("Hotchkiss"), the defendants CSK Auto, Inc., Cecil Lewis, Don Realing and Troy Huffman ("CSK, Inc."), and non-parties from improper

ORDER GRANTING STIPULATED PROTECTIVE ORDER - 1

disclosure/publication, annoyance, undue burden and expense from the public disclosure of Confidential Information.

Any party to this litigation may designate as "Confidential" documents, materials and/or information produced by the party or a third-party ("Designating Party") that the Designating Party reasonably and in good faith believes constitutes or contains "Confidential Information." "Confidential Information" means private, confidential, trade secret, commercially sensitive, and/or proprietary in nature which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices. All medical, employment, and other records received by defense counsel pursuant to any release authorization signed by Plaintiff shall be stamped and marked by defense counsel and treated as Confidential without Plaintiff's counsel or the records custodian first affixing the "Confidential" designation.

1. This Stipulated Protective Order ("Protective Order") shall govern the treatment and handling of all documents or other products of discovery designated "Confidential" by Hotchkiss and CSK, Inc., or information derived therefrom, and all copies, excerpts or summaries thereof including (without limitation), FRCP 26 disclosures, answers to requests for admissions, answers to interrogatories, documents produced pursuant to a demand for documents,

ORDER GRANTING STIPULATED PROTECTIVE ORDER - 2

documents subpoenaed in connection with depositions, and deposition transcripts.

2. Hotchkiss and CSK, Inc. may designate documents as "Confidential" and thus subject to the terms of this Protective Order by fixing a notation to such documents, materials, or information, or by other appropriate written notice to opposing counsel.  Hotchkiss and CSK, Inc. may designate "Confidential" or "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," those documents that they believe contain Confidential Information. Testimony taken in deposition in this case similarly may be designated as Confidential and made subject to the terms of this order at the time of the deposition on the record or as soon as practicable, but no later than 15 business days from the receipt of any transcript of the testimony.

3. Any party may dispute the "Confidential" designation of any information designated as Confidential.  If the dispute cannot be resolved by the Parties after conferring in good faith, the Party challenging the designation may request appropriate relief from the Court.  No disclosure shall be made of any Confidential Information designated Confidential until such time as the matter is determined by the Court.  The burden of proving that the information has been properly designated "Confidential" is on the Designating Party.

ORDER GRANTING STIPULATED PROTECTIVE ORDER - 3

4. Information designated "Confidential" pursuant to this order shall not be disclosed or disseminated outside of the offices of plaintiff's and defendants' counsel, with the following exceptions.

    a. Use of such Confidential Information for trial preparation by paralegal or secretarial staff of plaintiff's and defendants' attorneys is allowed by this Protective Order, subject to all conditions of this Protective Order which govern the parties' use of such Confidential Information;

    b. Information designated by the parties as "Confidential" may be provided to expert witnesses, or consultants by plaintiff's or defendants' attorneys provided such expert witnesses or consultants, before being allowed to see any Confidential Information in writing acknowledge receipt of a copy of this Protective Order and agree to be bound by the terms of this Protective Order. The prohibition of this paragraph shall apply in all circumstances, including, but not limited to, depositions in this case.

    c. The Court, Court personnel and jurors under such limitations as the Court may determine;

    d. Court reporters and videographers shall, in the course of their employment by the parties, shall have access to Confidential Information and/or depositions designated as "Confidential" subject to all

ORDER GRANTING STIPULATED PROTECTIVE ORDER - 4

conditions of this Protective Order which governs the parties' use of such Confidential Information.

5. Expert witnesses, consultants, court reporters, and videographers employed by counsel of record for the parties shall be required, before being allowed to see any Confidential Information, agree to be bound by the terms of this Protective Order by executing a Confidentiality Agreement in the following form:

CONFIDENTIALITY AGREEMENT

I agree to be bound by the terms of the Stipulated Protective Order entered in this action and will not reveal Confidential Information to any person or entity other than as allowed by the Stipulated Protective Order.

I certify under penalty of perjury that the foregoing is true and correct.

_____

DATED this \_\_\_\_day of  \_\_\_\_, 20\_\_

[Name]

[Signature]

6. All summaries and exhibits prepared from Confidential Information shall be stamped "Confidential" or "CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER" by counsel causing them to be prepared.

ORDER GRANTING STIPULATED PROTECTIVE ORDER - 5

7. All persons having access to Confidential Information made available pursuant to this agreement shall agree not to make any use of said Confidential Information except in connection with the above-captioned litigation and shall further agree not to deliver or transfer said Confidential Information to any person not previously authorized by the terms herein.

8. Counsel disclosing Confidential Information to any person or entity shall be responsible for limiting distribution of the Confidential Information to those persons who both (1) have a need to know the information, and (2) are authorized to receive the information under this Protective Order.

9. All copies of Confidential Information disclosed under this agreement shall be subject to the same restrictions as imposed on the original information.

10. Information designated as "Confidential" and disclosed to any person pursuant to this Protective Order shall remain in the possession only of the attorneys, or the experts or consultants to whom they are disclosed as provided by this order. The attorneys may not retain any information designated as "Confidential" pursuant to this order after the conclusion of this litigation or the trial of this case, whichever comes first.

11. The parties agree that the inadvertent production of privileged material shall not result in the waiver of any associated privilege nor result in a

ORDER GRANTING STIPULATED PROTECTIVE ORDER - 6

subject matter waiver of any kind. Both parties agree to return any privileged material disclosed immediately upon notice of the inadvertent disclosure or upon an independent determination that privileged material has been disclosed. The parties agree that no copies will be made of the disclosed privileged materials and that the privileged materials shall not be used as evidence.

12. Upon completion of this litigation, all Confidential Information and all copies thereof shall be returned to the attorneys or destroyed and written notice of their destruction provided.

13. No modification or amendment of this Protective Order is permitted except by a writing signed by counsel for the parties and approved by the Court. The parties hereto agree that it is unreasonable to rely on any oral modification or amendment of this agreement.

14. The failure to insist upon full compliance with any of the terms of the Protective Order in any instance shall not be deemed to be a waiver of the right to insist upon full compliance with those terms thereafter.

15. If a party intends to quote or attach Confidential Information in any filing with this Court or any Appellate Court (including, without limitation, any pleading, affidavit, declaration, brief, memorandum, appendix, or deposition transcript), then that party shall give ten days notice of such intent to all other parties to provide an opportunity to agree to or to file a motion for proper

ORDER GRANTING STIPULATED PROTECTIVE ORDER - 7

Case 2:12-cv-00105-TOR   Document 43   Filed 07/27/12

safeguards including to seal or redact such filing.  No documents designated as "Confidential" shall be filed with the Court, and shall be provided to the Court for an *in camera* review until such time the Court has had an opportunity to hear and decide the Designating Party's motion to seal.

16. All Confidential Information that any party intends to use at trial shall be specifically identified and disclosed to opposing counsel no later than 30 days before trial so that appropriate protection against publication or dissemination at trial may be sought by agreement of counsel for the parties or by motion to the Court for proper safeguards including to seal or redact.

17. By executing this Protective Order the parties and their respective counsel certify that prior to the disclosure of any Confidential Information as provided herein, the proposed recipient of the information will be first provided a copy of this Protective Order and required to execute a Confidentiality Agreement in the form set forth above for experts and consultants.

18. A conformed copy of this order shall be provided to the parties, who shall sign and date it, acknowledging that they have read and understand it. The signed copies shall be provided to the respective attorneys.

///

///

///

ORDER GRANTING STIPULATED PROTECTIVE ORDER - 8

Any violation of the terms of this Protective Order shall subject the violator to sanctions as determined by the Court.

DATED this 27TH day of July, 2012.

*s/ Thomas O. Rice*
THOMAS O. RICE
United States District Judge